## LOWBER a. THE MAYOR, &c., OF THE CITY OF NEW YORK.

*Supreme Court, First District ; Special Term, September,* 1857.

STAY OF PROCEEDINGS.—EXAMINATION OF DEBTOR.—PUBLIC OFFICER.

An order staying proceedings of plaintiff on an execution issued by him, does not prohibit him from instituting proceedings under section 294 to examine a debtor of the judgment debtor.

An execution creditor of a corporation may have an order (under section 294 of the Code) for the examination of a person indebted to or having funds of the defendant.

An officer of a municipal corporation having funds of the corporation in his hands officially—*e. g.,* a treasurer,—is liable (under section 294 of the Code) to examination at the instance of an execution creditor of the corporation.

Motion to vacate an order for the examination of a person indebted to or having property of a judgment debtor.

One Robert W. Lowber having recovered judgment for about $200,000 against the mayor, aldermen, and commonalty of the city of New York, issued execution thereon, which was levied upon certain property of the city. Before any sale, the defendants procured an order staying any further proceedings of plaintiff *upon the execution.*

The plaintiff thereafter procured an order, under section 294 of the Code, requiring Andrew V. Stout, the city chamberlain, to appear and answer concerning the funds of the city in his hands.

A motion was now made on behalf of the chamberlain to dismiss the order.

*James R. Whiting,* for the motion.

*John M. Barbour* and *William Curtis Noyes,* opposed.

PEABODY, J.—On the return of an order granted under section 294 of the Code, requiring Andrew V. Stout, the city chamberlain, to submit to the examination of a judgment creditor

of the city, respecting any funds of the city which may be in his hands as treasurer, a motion is made on behalf of the party sought to be examined, to dismiss the order. That motion is based upon three grounds.

1. It is shown that the order in question was procured after the granting of an order staying plaintiff's proceedings upon the execution, and while the stay was yet in force. It is contended that the procuring of the present order was a violation of the stay.

The order staying the plaintiff's proceedings was by its terms limited to proceedings "upon the execution." This supplementary examination will be no violation of such a stay, unless it is a proceeding *upon* the execution. I think that it cannot be so considered. The execution is a writ issued by the court directing the sheriff or other officer to satisfy the judgment previously rendered out of the personal property, or in default thereof, out of the real property of the judgment debtor. The proceedings which may be properly styled proceedings upon the execution, are those which are taken in obedience to the directions of the court embodied in the writ. They are the levy, the sale, the payment of the proceeds upon the judgment, the satisfaction of the judgment, &c.

The supplementary examination sought here under section 294 of the Code is a proceeding quite distinct from the execution. It is not based on any proceeding known or resorted to under the authority of an execution. The execution does not authorize it to be had, nor is the execution itself, apart from other facts, an adequate basis on which the examination can be ordered.

Nor is this examination strictly a continuation of proceedings on the execution, so that it may be said to be dependent on it; for it is authorized by the Code if the facts which justify it occur at any time " after the *issuing* or *return* of the execution." It must be after the issuing, but it may be either before or after the return of it. The fact of return is therefore unimportant. It is concurrent with the execution rather than supplementary to it, and corresponds in this respect much more nearly with what used to be known as a " bill in aid of an execution," which was filed in the lifetime of the execution, than with what was known as a creditor's bill, which could only be filed after the return of an execution unsatisfied. In the case of a bill in aid of an

execution, the object was to remove obstructions to the execution that satisfaction of it might be had; and if that were the case with this proceeding, it would be much more difficult to say that it is not a "proceeding upon the execution." But such is not the case with this remedy. The object is not to aid the execution, or provide food or material from which it may be satisfied. On the contrary, whatever is discovered and obtained is not to be applied on the execution, nor to be made available through the instrumentality of it. It is to be applied directly to the extinguishment of the debt embraced in the judgment, which forms alike the basis of this remedy, and the other and (as I think) separate remedy by execution. A stay of proceedings to enforce the judgment would probably cover this proceeding, for this as well as the execution (technically so called) is a measure in execution of the judgment, and is probably within the phrase proceedings on (or to enforce) a judgment.

The stay in this case being limited to proceedings *upon the execution*, prohibited only such proceedings as were to be had strictly upon it, and did not operate to prevent the plaintiff from instituting this examination.

2. The second objection taken to the order is, that this examination cannot be had upon a judgment against a corporation. The defendants are a municipal corporation; and it is contended that the proceeding now resorted to is inapplicable where a corporation is the judgment debtor.

The proceeding authorized by section 292 of the Code, for the direct examination of the judgment debtor himself, has been held to be inapplicable in cases where a corporation is such debtor (Hinds *a.* The Canandaigua & Niagara Falls Railroad Company, 10 *How. Pr. R.*, 487), and hence it is argued that this section, couched in terms very similar, is not applicable to a judgment against this description of debtors. But the ground of this construction of section 292 is not that the term "judgment debtor" is not applicable to a corporation against which a judgment has been rendered. The true reasons assigned are chiefly that the remedy by examination of the debtor on oath, cannot, in practice, be enforced against an artificial being of legislative creation, since such a being cannot take an oath, and is therefore not susceptible of the remedy in which the creditor is to search

the conscience of the debtor;—and that the language of section 292, in providing for the examination on oath of a judgment debtor, when the execution has been issued to the county where the judgment debtor *resides*, contemplates only proceedings against a natural person capable of having a residence.

Neither of these reasons applies to the proceeding authorized by section 294, which is that invoked in the present case. The order for the examination of a debtor to a corporation is as readily executed as is one directing the examination of one indebted to a natural person. And I see nothing in the language of the section, or in the nature of the remedy sought, which can be reasonably regarded as limiting it in its operation to the case of judgments against natural persons.*

3. The third objection to the order is, that the party to be examined, being an officer of the defendants', and holding whatever funds, the property of the city, he may have, as its treasurer, is not liable to this examination;—that his possession is the possession of the city just as that of a clerk is the possession of his employer. But his possession is not entirely like that of a clerk who keeps the money on his master's premises in his drawer or safe, to which the master has constant access, and the custody of which is with him, primarily. The clerk has no custody adverse to his master, and none except in subordination to him, and as his servant. If he has any other custody or possession, he, too, like the treasurer of a corporation, would be liable to examination under this proceeding. If he as clerk or otherwise have in his own possession property of his master, he too may be examined under this section.

In Curtois *a.* Harrison (3 *Abbotts' Pr. R.*, 96), it was held that the treasurer of a joint-stock association might be examined under section 294 by a judgment creditor of the association;

---

* It has been held by the general term of the Supreme Court in the eighth district (see Sherwood *a.* The Buffalo & New York City Railroad Company, 12 *How. Pr. R.*, 136), that the proceeding under section 294, as well as that under section 292, is inapplicable to corporations. The chief reason assigned is, that in that district the examination allowed by section 294 is regarded as merely auxiliary to an examination instituted under section 292; and as not proper to be set on foot as an independent proceeding. In the first district the practice has always been to allow an examination of a person indebted to a judgment debtor independently of any examination of the judgment debtor himself; and under such a practice the reasoning of the case cited fails.

and that case fully sustains the views expressed under this last point.

The motion to set aside the order must be denied.